Ryan L. McBride (SBN 297557)
ryan@kazlg.com
**Kazerouni Law Group, APC**
301 E. Bethany Home Road, Suite C-195
Phoenix, AZ 85012
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Aryanna Young (SBN 344361)
aryanna@kazlg.com
**Kazerouni Law Group, APC**
2221 Camino Del Rio S, Suite 101
San Diego, CA 92108
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MARROQUIN and JUAN GONZALEZ, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> LOYA CASUALTY INSURANCE COMPANY, <br><br> Defendant. | Case No.: 5:23-cv-00927 <br><br> **CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW (CAL. BUS. PROF. C. §§ 17200, *ET SEQ.*);** <br><br> **JURY TRIAL DEMANDED** |

COMPLAINT

## INTRODUCTION

1. Plaintiffs Jose Marroquin ("Plaintiff Marroquin") and Juan Gonzalez ("Plaintiff Gonzalez") (together referred to as "Plaintiffs"), individually and on behalf of all other similarly situated, bring this class action against LOYA CASUALTY INSURANCE COMPANY (hereinafter referred to as "Defendant") for public injunctive relief to protect the consuming public in California, including potential customers of Defendant, from the threat of future injury for unfair business practices.

2. Defendant's business model involves withholding properly earned settlement rewards from customers, without a valid reason. Plaintiffs seek disgorgement of ill-gotten profits, statutory damages, punitive damages, public injunctive relief, and attorney's fees and costs.

3. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to Plaintiffs, or to Plaintiffs' Counsel, which Plaintiffs alleges on personal knowledge.

4. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendant.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. §1332(d), because this is a proposed class action in which: (i) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; (ii) members of the proposed Class are citizens of a State different from Defendants; and (iii) the number of Class Members is greater than 100.

6. Defendant has sufficient minimum contacts with California and have otherwise intentionally availed itself of the markets in California through the promotion,

marketing, and sale of its products and services, sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District under 28 U.S.C. §1391(b)(2) and (3) because: (i) a substantial part of the events or omissions giving rise to these claims occurred in this District; (ii) Defendant is subject to the Court's personal jurisdiction with respect to this action because Defendant conducts business in this judicial district; and (iii) Plaintiff resides in this judicial district.

## PARTIES

8. Plaintiffs and those similarly situated, are and at all times mentioned herein were, individual citizens and residents of the United States of America, State of California.

9. Plaintiff, JOSE MARROQUIN is, and all times mentioned herein was, an individual citizen and resident of the City of Los Angeles, County of Los Angeles, State of California. Additionally, at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39) and Cal. Civ. Code § 1788.2(g). Additionally, Plaintiff Marroquin is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10. Plaintiff, JUAN GONZALEZ is, and all times mentioned herein was, an individual citizen and resident of the City of Moreno Valley, County of Riverside, State of California. Additionally, at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39) and Cal. Civ. Code § 1788.2(g). Additionally, Plaintiff Gonzalez is a "consumer" as defined by 15 U.S.C. § 1692a(3).

11. Defendant LOYA CASUALTY INSURANCE COMPANY is a Texas Corporation with its Corporate headquarters located at: 1800 Lee Trevino, Suite 201, El Paso, TX 79936.

12. Defendant's primary business is operating as an insurance provider of non-

standard coverage.

**GENERAL ALLEGATIONS**

13. Defendant is an insurance company wherein the company withholds settlement money from personal injury cases so they may benefit from any additional interest earned. The result of this practice is that the consumer's receives less money than they are owed, in addition to delaying the timeliness of consumers receiving their settlements.

14. Defendant's business model is to receive the payout from a personal injury case and withhold from client in the hopes of accruing interest for itself.

<u>Plaintiff Jose Marroquin</u>

15. On or around June 3, 2022, Defendant's agent accepted Plaintiff Marroquin's demand regarding his individual policy of $15,000 and forwarded the release to Plaintiff Marroquin.

16. On or around June 16, 2022, Plaintiff Marroquin, through his attorney, sent the signed the release to Defendant via email.

17. On or about July 12, 2022, Plaintiff Marroquin's counsel sent Plaintiff's counsel's w-9 to Defendant at Defendant's request.

18. On or around August 5, 2022, Defendant's agent updated Plaintiff Marroquin on the status of the check that was mailed to Plaintiff Marroquin's representatives offices, stating it was mailed on July 15, 2022. However, the check was not mailed.

19. From August 8, 2022, to January 23, 2023, Plaintiff Marroquin's attorney's office continuously attempted to contact Defendant's agent to determine where the check was and why it had not been delivered. Plaintiff's attorney's office was met with silence and at multiple times, full voicemail boxes of Defendant's representatives.

20. On or around January 23, 2023, only after Plaintiff Marroquin had opened up an investigation with the Department of Insurance, Plaintiff Marroquin finally

heard back from Defendant's agent. Defendant asked for Plaintiff's legal identification and proof of residence in order to issue payment.

21. Finally, on or around January 24, 2023, more than six months after Plaintiff's counsel provided a w-9 to Defendant, Defendant's agent informed Plaintiff Marroquin's representative that the check was overnighted via Fedex and provided a tracking number.

### Plaintiff Juan Gonzalez

22. On or around August 17, 2022, Plaintiff Gonzalez's release was received and signed by him, that same day it was mailed to Defendant via USPS.

23. On or around October 25, 2022, Plaintiff Gonzalez's representative called Defendant regarding status of the check. On this phone call, Defendant denied receipt of the release.

24. On October 25, 2022, Plaintiff's Gonzalez's attorney's office emailed the release to Defendant.

25. From October 25, 2022, to December 20, 2022, Plaintiff Gonzalez's representative continually followed up on status of check without a response from Defendant.

26. On or around December 20, 2022, Defendant's agent left a voicemail with Plaintiff's attorney's office confirming the release was received, but the payment had not yet been issued.

27. Defendant finally sent the check to Plaintiff on or around December 22, 2022, nearly two months after it was due.

### CLASS ACTION ALLEGATIONS

28. Plaintiffs reallege and incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Plaintiffs and the members of the Class have all suffered an injury in fact as a result of the Defendant's unlawful conduct.

30. The "Class Period" means 48 months prior to the filing of the Complaint in this

action.

31. Plaintiffs bring this lawsuit on behalf of themselves and other similarly situated individuals under Rule 23(b)(1), 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedures. Subject to additional information obtained through further investigation and/or discovery, the proposed class ("Class") consists of:

> All persons in the State of California whose insurance claim settlement payments were not timely sent by Defendant within the Class Period.

A. *Ascertainability*. The members of the Class are readily ascertainable from Defendant's records of accounts involuntarily closed in the 48 months preceding this filing, and the specific terms and parties identified therein.

B. *Numerosity*. The members of the Class are so numerous that their individual joinder is impracticable. Plaintiffs are informed and believe, and on that basis alleges, that the proposed class consists of tens of thousands of members, or more.

C. *Existence and Predominance of Common Questions of Law and Fact*. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class Members. All members of the Class have been subject to the same conduct and their claims are based on the widespread dissemination of the unlawful, deceptive, and pernicious conduct by Defendant. The common legal and factual questions include, but are not limited to, the following:

   i. the nature, scope, and operations of the wrongful practices of Defendant;
   ii. whether Defendant engaged in a course of unfair, unlawful, fraudulent, and/or pernicious conduct in its lending and loan practices.
   iii. whether Defendant knew or should have known that its business practices were unfair, and/or unlawful;

  iv. whether Defendant owed a duty of care to Plaintiffs and the Class;

  v. whether Defendant harmed Plaintiffs and the Class; and

  vi. whether Defendant was unjustly enriched by its unlawful and unfair business practices.

D. ***Typicality***. Plaintiffs' claims are typical of the claims of the members of the Class in that Plaintiffs are a member of the Class that Plaintiffs seek to represent. Plaintiffs, like members of the proposed Class, was stuck in a contract with Defendant that contained unfair, unlawful, and objectively oppressive terms.

E. ***Adequacy of Representation***. Plaintiffs will fairly and adequately protect the interests of the members of the Class. Plaintiffs have retained counsel experienced in consumer protection law, including class actions. Plaintiffs have no adverse or antagonistic interests to those of the Class, and will fairly and adequately protect the interests of the Class. Plaintiffs' attorneys are aware of no interests adverse or antagonistic to those of Plaintiffs and the proposed Class.

F. ***Superiority***. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the courts and the issues raised by this action. The damages or other financial detriment suffered by individual Class Members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendant. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the

proposed Class to individually redress effectively the wrongs to them. Even if the members of the proposed Class could afford such litigation, the Court system could not. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court. Therefore, a class action is maintainable pursuant to Fed. R. Civ. P. 23(b)(3).

32. Unless the Class is certified, Defendant will continue its unlawful, unfair, and predatory practices as described herein. If the Class is certified, the harms to the public and the Class can be easily prevented or rectified.

33. Furthermore, Defendant has acted or refused to act on grounds that are generally applicable to the Class so that declaratory and injunctive relief is appropriate to the Class as a whole, making class certification appropriate pursuant to Fed R. Civ. P. 23(b)(2).

## COUNT I

## FOR VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.

34. Plaintiffs reallege and incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Plaintiffs and Defendant are each "person(s)" as that term is defined by Cal. Bus. & Prof. C. § 17201. Cal. Bus & Prof. C. § 17204 authorizes a private right of action on both an individual and representative basis.

36. Cal. Bus. & Prof. C. § 17204, a provision of the Unfair Competition Law (B & P C §§ 17200–17209), confers standing to prosecute actions for relief not only on the public officials named therein, but on private individuals, i.e., "any

person acting for the interests of itself, its members or the general public." Thus, a private Plaintiff who has suffered a financial injury may sue to obtain relief for others.

37. "Unfair competition" is defined by Bus. & Prof. Code § 17200 as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

38. An "injunction" is "the primary form of relief available under the UCL to protect consumers from unfair business practices." *In re Tobacco II Cases*, 46 Cal.4th 298, 319 (2009); *see also*, *Clayworth v. Pfizer, Inc.*, 49 Cal.4th 758, 789 (2010) ("[i]f a party has standing under" the UCL, "it may seek injunctive relief").

### A. *"Unlawful" Prong*

39. By knowingly, continuously and intentionally withholding settlements in order to retain interest for itself, Defendant has routinely engaged in unlawful business practices.

40. The practices described herein by Defendant violate Cal. Fin. C. § 22303, as they violate Cal. Civ. Code § 1670.5. *See De La Torre v. Cashcall Inc.*, No. S241434, 2018 Cal. LEXIS 5749, at *43 (Aug. 13, 2018).

41. Because Defendant's business entailed violations of both Cal. Fin. C. § 22303 and/or Cal. C. § 1670.5, Defendant violated California's Unfair Competition Law, Bus. & Prof. Code §§ 17200, *et seq.*, which provides a cause of action for an "unlawful" business act or practice perpetrated on consumers.

42. Defendant violated Cal. Bus. & Prof. Code §§17200, *et. seq.* through unfair, unlawful, and deceptive business practices, Defendant violated California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.*, which provides a

1 | cause of action for an "unlawful" business acts or practices perpetrated on consumers.

43. Defendant had other reasonably available alternatives to further its legitimate business interests, other than the conduct described herein, such as continuing to close accounts, but allowing its customers to redeem the cash rewards.

44. Plaintiffs suffered actual monetary financial injury in that Plaintiffs did not receive the additional interest their settlement money accrued.

45. Plaintiffs reserve the right to allege further conduct that constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

46. Plaintiffs seek public injunctive relief to benefit the general public directly by bringing an end to Defendant's unlawful business practices which threaten future injury to the general public.

### B. *"Unfair" Prong*

47. Defendant's actions and representations constitute an "unfair" business act or practice under § 17200 in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

48. Without limitation, the business practices describe herein are "unfair" and shock the conscience because they offend established public policy, violate California statutory protections, and are objectively immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that Defendant's conduct caused Plaintiffs and the Class Members to lose out financially due to the prevention of allowing Class Members to recoup their cash rewards.

49. At a date presently unknown to Plaintiffs, but at least four years prior to the filing of this action, and as set forth above, Defendant committed acts of unfair competition as defined by Cal. Bus. & Prof. Code §§ 17200, *et seq.*, as

cause of action for an "unlawful" business acts or practices perpetrated on consumers.

43. Defendant had other reasonably available alternatives to further its legitimate business interests, other than the conduct described herein, such as continuing to close accounts, but allowing its customers to redeem the cash rewards.

44. Plaintiffs suffered actual monetary financial injury in that Plaintiffs did not receive the additional interest their settlement money accrued.

45. Plaintiffs reserve the right to allege further conduct that constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

46. Plaintiffs seek public injunctive relief to benefit the general public directly by bringing an end to Defendant's unlawful business practices which threaten future injury to the general public.

### B. *"Unfair" Prong*

47. Defendant's actions and representations constitute an "unfair" business act or practice under § 17200 in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

48. Without limitation, the business practices describe herein are "unfair" and shock the conscience because they offend established public policy, violate California statutory protections, and are objectively immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that Defendant's conduct caused Plaintiffs and the Class Members to lose out financially due to the prevention of allowing Class Members to recoup their cash rewards.

49. At a date presently unknown to Plaintiffs, but at least four years prior to the filing of this action, and as set forth above, Defendant committed acts of unfair competition as defined by Cal. Bus. & Prof. Code §§ 17200, *et seq.*, as

described herein.

50. Defendant involuntarily closes accounts and denies the redemption of legitimately earned cash rewards to customers in violation of California law.

51. Defendant could and should have furthered its legitimate business interests by not perpetrating fraud on the entire representative class of California borrowers by allowing them to cash out their rewards as properly earned.

52. Plaintiffs, members of the Class and the general public could not have reasonably avoided the injury suffered by each of them.

53. Defendant has a strong financial incentive to keep the settlement payments, thereby receiving more interest than its compliant insurance competitors.

54. Plaintiffs reserve the right to allege further conduct that constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date and is a source of considerable revenue to Defendant.

55. Plaintiffs seek public injunctive relief to benefit the general public directly by bringing an end to Defendant's unfair business practices which threaten future injury to the general public. Specifically, an injunction requiring Defendant to timely pay out insurance claim settlement payments.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief and judgment as follows:

- That this action be certified as a Class Action, Plaintiffs be appointed as the representatives of the Class, and Plaintiffs' attorneys be appointed Class counsel;
- That Defendant's wrongful conduct alleged herein be adjudged and decreed to violate the consumer protection statutory claims asserted herein;
- Public injunctive relief through the role as a Private Attorney General, pursuant to Cal. Bus. & Prof. Code §§ 17204, permanently and immediately prohibiting Defendant from engaging in the unlawful conduct alleged

herein, including but not limited to illegally keeping the cash rewards properly earned by Plaintiffs and the putative class;

- A temporary, preliminary and/or permanent order for injunctive relief requiring Defendant to cash out rewards earned by customers if Defendant involuntarily closes their account;
- An order requiring imposition of a constructive trust and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiffs and all members of the Class and, also, to restore to Plaintiffs and members of the Class all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent, or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;
- Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery where necessary and as applicable, to prevent Defendant from retaining the benefits of their wrongful conduct;
- Actual damages, injunctive relief, restitution, and punitive damages pursuant to California Code of Civil Procedure § 1780;
- Prejudgment and post judgment interest;
- Exemplary and/or punitive damages for intentional misrepresentations pursuant to, *inter alia*, Cal. Civ. Code § 3294;
- Costs of this suit;
- Reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5, Cal. Civ. Code § 1780, the UCL, and the common fund doctrine; and,

///
///
///
///

COMPLAINT

- Awarding any and all other relief that this Court deems necessary or appropriate.

Dated: May 23, 2023                  Respectfully submitted,

By: /s/Ryan L. McBride
Ryan L. McBride, Esq.
Attorneys for Plaintiff and the
Putative Class

COMPLAINT